## THE DUCHESS.

(District Court, E. D. New York. December 31, 1912.)

ADMIRALTY (§ 101*)—SALE OF VESSEL—SURPLUS—DISTRIBUTION.

Where the price of a yacht was represented by notes falling due at times past, and no default had been declared by the seller prior to condemnation and sale of the yacht by a United States marshal, the seller was then not entitled to take the entire surplus in place of the boat, the buyer having been ready and willing to meet the notes out of the proceeds of sale as they matured, but the surplus should be divided to the seller

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the amount remaining unpaid on the notes, and the balance awarded to the buyer.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 684–708; Dec. Dig. § 101.*]

Petition of the Brooklyn Trust Company, as one of the executors of the estate of L. J. Busby, for payment over of the surplus of the proceeds of the sale of the yacht Duchess, and cross-petition of Rudi De Graff, praying payment of the same fund to him. On motion to confirm report on orders of reference to take proof of the facts of the petitions and to report thereon. Part of surplus, to the amount due on certain notes, awarded to the Trust Company, and the balance to De Graff.

Franklin Grier, of New York City, for petitioner De Graff.

Dykman, Oeland & Kuhn, of Brooklyn, N. Y., for petitioner Brooklyn Trust Co.

CHATFIELD, District Judge. The exceptions to the report of the special commissioner seem to be well taken, in so far as they are based upon the lack of any order of reference to take proof and report upon any issue or question of law. But the report, in so far as it reports facts, will be confirmed, and the question of priority or ownership, having been presented on the merits, will be disposed of by the court.

The yacht was to be paid for by notes falling due at times now past. If the contract of sale be treated as a conditional bill of sale, it had to be acted upon; that is, a default had to be declared according to its terms. This was not done until after sale by the United States marshal. The vendee has been ready and willing to meet the notes, and now consents to their payment, with the costs of the proceeding, out of the fund. The vendor seeks to elect to take the entire fund in the place of the boat. Such a forfeiture, as the result of an election made after the conditions have been waived, and after it has appeared that no loss will result to the vendor if the contract be carried out, would be contrary to the equitable principles governing a court of admiralty.

The petitioner, Brooklyn Trust Company, may have a decree awarding to it the amount due upon the notes held by it and its costs herein. The balance of the remnants and surplus will be paid to Rudi De Graff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes